IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KEITH HIGGINBOTHAM                                              PLAINTIFF

V.                                                Cause No. 1:19-cv-24-GHD-DAS

CITY OF LOUISVILLE, MISSISSIPPI; and
WINSTON COUNTY SHERIFF'S OFFICE                                DEFENDANTS

**OPINION GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS**

Before this court are two separate motions of the Defendants to dismiss the Plaintiff's claims – a motion for judgment on the pleadings filed by the Defendant City of Louisville pursuant to Rule 12(c) [Doc. No. 31] and a motion to dismiss filed by the Defendant Winston County Sheriff's Office pursuant to Rule 12(b)(6) [Doc. No. 26]. Upon due consideration, the court finds that both motions should be granted and the Plaintiff's claims dismissed.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On July 3, 2016, the Plaintiff was arrested and charged with disorderly conduct and public profanity after an incident that occurred outside of the Wal-Mart store in Louisville, Mississippi. *Higginbotham v. State of Mississippi*, 242 So. 3d 949 (Miss. Ct. App. 2018). The Plaintiff was convicted of the charges in the Louisville Municipal Court and sentenced to pay a fine of $246.25 on each charge. *Id.* He appealed the convictions to the Circuit Court of Winston County; after a bench trial *de novo* in that court on November 14, 2016, he was found guilty of both charges and sentenced to pay the aforementioned fines plus court costs. *Id.*

The Plaintiff then filed the present lawsuit on January 25, 2019, asserting various civil rights claims against numerous defendants [1]. He subsequently filed an amended complaint, naming solely the present two Defendants, and asserting claims for, *inter alia*, wrongful arrest and

1

defamation [12]. The Defendants have now moved for dismissal of the Plaintiff's claims – the City of Louisville has filed a motion for judgment on the pleadings, asserting that the Plaintiff has failed to set forth allegations that could plausibly support municipal liability, and the Winston County Sheriff's Office has filed a motion to dismiss, asserting that the Plaintiff cannot state a claim for relief because the Sheriff's Office is not a separate legal entity capable of being sued.

## II.     STANDARD FOR DISMISSAL UNDER RULE 12(B)(6) AND 12(C)

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In other words, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state

2

a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

As for the Defendant City of Louisville's motion for judgment on the pleadings, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *Brown v. CitiMortgage, Inc.*, 472 F. App'x 302, 303 (5th Cir. 2012) (per curiam) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227-28 (5th Cir. 2008).

### III. ANALYSIS

#### A. Plaintiff's Claims against the Winston County Sheriff's Department

The Defendant Sheriff's Department argues that it is not a separate legal entity distinct from Winston County and that the Plaintiff's claims against it should therefore be dismissed with prejudice pursuant to Rule 12(b)(6). Whether the Sheriff's Department has the capacity to be sued must be determined according to Mississippi law. Fed. R. Civ. P. 17(b)(3).

It has been clear for some time under Mississippi law that a sheriff's department is not a separate legal entity that has the capacity to be sued. See *Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006) ("[T]he Sheriff's Department does not enjoy a separate legal existence, apart from [the] County"); *Harris v. Jackson County, Miss.*, No. 1:14CV435, 2015 WL 1427412, at *1 (S.D. Miss. Mar. 27, 2015); *Cosner v. Lee County Sheriff's Dep't*, No. 1:10CV4, 2010 WL

1759539, at *1 (N.D. Miss. Mar. 16, 2010); *Miller v. Choctaw County Sheriff's Dep't*, No.1:04CV96, 2006 WL 662340, at *2 (N.D. Miss. Mar. 13, 2006). Accordingly, the Plaintiff is unable to state a claim upon which relief can be granted against the Defendant Winston County Sheriff's Department, and it is entitled to dismissal.

### B. Plaintiff's Claims Against the City of Louisville

The Plaintiff has asserted claims against the Defendant City of Louisville, presumably pursuant to 42 U.S.C. § 1983, for wrongful arrest, violations of his First and Sixth Amendment rights, and defamation. *See* Amended Complaint [12-1], at p. 2.

To establish municipal liability under Section 1983, a plaintiff must establish three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Fuhgetaboutit, LLC v. Columbus Police Dep't*, No. 1:10-CV-207-SA-DAS, 2011 WL 4916148, at *3 (N.D. Miss. Oct. 17, 2011). The three requirements for municipal liability outlined in *Piotrowski* are necessary to distinguish individual violations by local employees from those that can be fairly attributed to conduct by the governmental entity itself. *See Piotrowski*, 237 F.3d at 578–79. Therefore, in order to state a claim for relief, a plaintiff "must plead facts showing that a policy or custom existed, and that such custom or policy was the cause in fact or moving force behind a constitutional violation." *McClure v. Biesenbach*, 355 F. App'x 800, 803 (5th Cir. 2009) (citing *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997)). Furthermore, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller*, 130 F.3d at 167. In other words, "[t]he real question is whether [a plaintiff's] complaint contains sufficient factual matter, accepted as true, to state a claim for relief against [the Defendant municipality] that is plausible on its face." *Prince v. Curry*, 423 F. App'x 447, 450 (5th Cir. 2011).

4

In the case *sub judice*, examining the Plaintiff's well-pleaded factual allegations, the only plausible constitutional violation inflicted upon the Plaintiff appears to be an alleged unlawful arrest. However, to state a claim against the City of Louisville, in addition to an underlying constitutional violation, the Plaintiff must also show a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. *Fuhgetaboutit*, 2011 WL 4916148, at *3. Here, the Plaintiff does not allege a specific policy statement, ordinance, regulation, or decision that was officially adopted and promulgated. Nor does he allege a pattern of similar constitutional violations. Instead, he only conclusorily alleges that "I didn't say none of what [the arresting officer] said [I said] ;" that "[m]y constitutional rights were violated;" and that "[t]here was no evidence that I did anything wrong." [Doc. No. 12-1 at p. 2]. These allegations are entirely conclusory and therefore not entitled to the presumption of truth. See *Iqbal*, 556 U.S. at 678-79. In other words, the Plaintiff's Amended Complaint fails to include sufficient facts to allow the Court to infer a "persistent, widespread practice" of unlawful arrests "so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster*, 735 F.2d at 853.

In addition, a single incident is generally insufficient to show a policy or custom. *World Wide Street Preachers*, 291 F.3d at 752. Moreover, the Plaintiff fails to allege how any such policy or custom was the moving force behind the constitutional violations of which he complains. At best, the Plaintiff has provided a "a legal conclusion couched as a factual allegation." *See Twombly*, 550 U.S. at 555. He has not pled any facts which, taken as true, show that his arrest was unlawful and was made pursuant to an official policy, or that there has been a pattern of similar constitutional violations sufficient to allow the Court to reasonably infer an illegal custom, or that the City of Louisville was deliberately indifferent in adopting its training procedures. The

Plaintiff's factual allegations are simply insufficient to nudge his claims of municipal liability from conceivable to plausible. Therefore, his claims against the City of Louisville shall be dismissed.

## IV. CONCLUSION

As outlined herein, the Court finds that the Plaintiff's claims should be dismissed in their entirety. The Plaintiff is unable to state a claim upon which relief can be granted against the Defendant Winston County Sheriff's Department because it is not an entity capable of being sued. Likewise, the Plaintiff's claims against the Defendant City of Louisville shall be dismissed – the Plaintiff has failed to sufficiently state a claim for municipal liability, and the City of Louisville is therefore entitled to dismissal of the Plaintiff's claims against it.

An order in accordance with this opinion shall issue this day.

THIS, the 7th day of October, 2019.

                                                                        /s/ Glen H. Davidson
                                                                        SENIOR U.S. DISTRICT JUDGE